# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANTHONY PATTERSON,
    Plaintiff,

v.

WARDEN,
    Defendant.

No. 3:18-cv-117 (SRU)

## ORDER

Petitioner Anthony Patterson ("Patterson") sent me a letter requesting that I review his sentence because he alleges he is being denied 78 days of good time credit; I treated the letter as a habeas petition pursuant to 18 U.S.C. § 2241. *See* Petition, Doc. No. 1. For the following reasons, his request is denied and the petition is dismissed.

On July 14, 2014, Patterson was sentenced to 60 months of incarceration for unlawful possession of a firearm by a convicted felon. *See United States v. Patterson*, 13-cr-7, Doc. No. 63. At the time of his arrest, Patterson was serving a term of Special Parole with the State of Connecticut and was held in state custody from November 13, 2012, the date of arrest, until January 13, 2015, when Patterson was released into federal custody. The underlying state case was nolled on August 1, 2014. Accordingly, I amended Patterson's judgment on December 21, 2016 to include credit for time served in state custody from August 1, 2014 to January 13, 2015. *Id*. at Doc. No. 73.

The remaining 20 months that Patterson served in state custody, November 13, 2012 to August 1, 2014, are the subject of his petition. At sentencing, I took those 20 months into account and stated: "I would have sentenced you to 80 months but I'm going to give you 20 months for the time that you've spent in state custody and I'm going to sentence you to a period

of incarceration of 60 months." *Id*. at Doc. No. 65, Tr. at 27. I stated further that I made the time Patterson spent in state custody "in effect … concurrent by giving credit for it on the federal sentence." *Id*. at 31. Patterson now alleges that he has earned 78 days of good time credit for those 20 months in which he was in state custody, but the Bureau of Prisons ("BOP") will not credit it toward his sentence. *See* Petition, Doc. No. 1. He argues that because of the way his sentence was constructed, 60 months' incarceration rather than 80 months minus the 20 months served, the BOP will not apply the 78 days earned. *Id*. Patterson included as an attachment a letter to him from Officer Doty who stated, in response to Patterson's request for credit, that the BOP "will only award good time credits on the actual sentence imposed to serve, (post-adjustment) … the 20-month downward departure you received at sentencing, will not be credited additionally with good conduct time (GCT) credits." *Id*. at 15. The BOP denied Patterson's request for the 78 days of good time accrued prior to his federal custody. *Id*.

In his letter to me, Patterson requests that I amend the judgment in his case to give him credit for the 78 days prior to sentencing. Doc. No. 1. At this point, I have no authority to change the sentence; I can only amend the judgment to conform to the sentence actually imposed. *See* 18 U.S.C. § 3582 (b), (c) (judgment of conviction can be amended only in certain circumstances such as correcting clear error or amending a sentence based upon a guidelines range that was subsequently reduced); *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (remanding case to district court to amend its written judgment to "memorialize its stated reasons for sentencing."). In addition, because the 20-month period for which Patterson seeks good time credits was not made part of the sentence, he is not eligible for good time credits for that period. The statute that governs the application of "good time credits," 18 U.S.C. § 3624(b) provides, in relevant part: "[A] prisoner who is serving a term of imprisonment of more than 1

2

year … may receive credit toward the service of the prisoner's sentence … of up to 54 days *at the end of each year of the prisoner's term of imprisonment* . . . [for] exemplary compliance with institutional disciplinary regulations." (Emphasis added). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The Second Circuit has upheld the BOP's interpretation of the good time statute to "limit the award of good conduct time to the term of imprisonment constituting a defendant's federal sentence as defined under 18 U.S.C. § 3585." *Lopez v. Terrell*, 654 F.3d 176, 190 (2d Cir. 2011). Contrary to Patterson's contention, he was sentenced to 60 months of imprisonment, not 80 months with 20 months' credit. Although I said at sentencing that I was taking into consideration the 20 months that he was in state custody, the sentence itself does not include those 20 months. Accordingly, Patterson is not entitled to the good time credit earned within that time period.

In any event, I have no authority to grant Patterson's habeas petition. Patterson is confined in New York, and any Section 2241 petition raising a sentence calculation claim must be brought in the prisoner's district of confinement. *See Wilson v. Wells*, 2017 WL 6667515, *2 (D. Conn. Sept. 6, 2017) (section 2241 petition must be filed in judicial district where inmate is confined because court must have jurisdiction over inmate's custodian in order to issue writ of habeas corpus); *United States v. Cabrera*, 2017 WL 398384, *2 (S.D.N.Y. Jan. 27, 2017) (court lacks jurisdiction over petitioner's challenge to BOP's calculation of sentence); *United States v. Ruby*, 2010 WL 1403950, *10 (D. Vt. Feb. 2, 2010) (proper venue for section 2241 petition is district of confinement).

Accordingly, the petition is **dismissed** and the Clerk is directed to close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of May 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge